FILED
JAMES BONINI
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

07 DEC 12 PM 3:24

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

KRIS COOPER
545 Rosslyn Avenue
Columbus, Ohio 43214

   Plaintiff,

v.

MOSAICA EDUCATION, INC.
c/o CT Corporation Systems
1300 East Ninth Street
Cleveland, Ohio 44114

  and

COLUMBUS HUMANITIES, ARTS AND
 TECHNOLOGY ACADEMY, INC.
c/o CT Corporation Systems
1300 East Ninth Street
Cleveland, Ohio 44114

   Defendants.

CASE NO. 2:07 cv 1256

JUDGE JUDGE GRAHAM

MAGISTRATE JUDGE
  MAGISTRATE JUDGE KEMP

## COMPLAINT
(Jury Demand Endorsed Hereon)

NOW COMES Plaintiff Kris Cooper and proffers this Complaint for damages against Defendants Mosaica Education, Inc. ("Mosaica") and Columbus Humanities, Arts and Technology Academy, Inc. ("CHATA").

### PARTIES

1. Plaintiff is a natural person residing in the State of Ohio.

2. Defendant Mosaica is a Delaware corporation licensed to do business in the State of Ohio.

3. Defendant CHATA is an Ohio corporation doing business in Franklin County, Ohio.

## JURISDICTION AND VENUE

4. Counts I is brought pursuant to the laws of the United States, therefore the Court has jurisdiction pursuant to 28 U.S.C. §1331. Counts II, III and VI utilize the same core of operative fact, and are therefore subject to supplemental jurisdiction pursuant to 28 U.S.C. §1367.

5. Venue is proper pursuant to 28 U.S.C. §1391, due to the fact that the Defendants have a facility in Franklin County, Ohio, at which all of the events in question took place.

## FACTUAL BACKGROUND

6. Defendant CHATA owns a school that has grades K-8 that is now housed at 1333 Morse Road, Columbus, Ohio. The operations of the school are run by Defendant Mosaica.

7. Plaintiff was hired by Defendants as a Janitor in July of 2006. At the time of hiring, Plaintiff agreed to a background check, and informed Defendants that he had a criminal record. Defendants assured him this would be no problem, and proceeded with the hiring.

8. In the latter stages of his employment, in March and April of 2007, Plaintiff collaborated in reporting to Columbus City Schools (the holder of CHATA's charter) that one teacher was taking students into a janitor's closet to administer corporal punishment.

9. Plaintiff was known by CHATA's Administrator Marcia Johnson to have personally observed Ms. Johnson and her husband taking money and writing checks from CHATA for their personal use.

10. Ms. Johnson's husband was designated as "Head Janitor, it was, however, not evident to Plaintiff that Ms. Johnson's husband ever performed any janitorial services for CHATA.

11. Plaintiff frequently worked over forty hours in a week, but was never paid time and a half for that time.

12. Deductions were taken from Plaintiff's paychecks for State Teachers Retirement System ("STRS") contributions, but these funds were not sent to STRS, and an account has never been established in his name with STRS.

13. On May 7, 2007, Plaintiff was discharged from employment. He was told that the reason was that his background check had come back with him having a criminal record.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT ("FLSA")

14. Plaintiff reasserts and reincorporates each and every allegation contained in ¶¶1-13 above as if fully rewritten here.

15. Defendants failed to properly pay time and a half for time worked over forty (40) hours in a week.

16. Defendant's violations of the FLSA entitles Plaintiff to back pay, liquidated damages, and attorneys fees and the costs of bringing this action, in an amount to be determined at trial, but in any event not less than $100,000.00.

## COUNT II
## VIOLATION OF OHIO WAGE LAWS
## R.C. §4111.03

17. Plaintiff reasserts and reincorporates each and every allegation contained in ¶¶1-16 above as if fully rewritten here.

18. Defendants failed to properly pay time and a half for time worked over forty (40) hours in a week.

19. Defendant's violations of R.C. §4111.03 entitles Plaintiff to back pay, liquidated damages, and attorneys fees and the costs of bringing this action, in an amount to be determined at trial, but in any event not less than $100,000.00.

## COUNT III
### VIOLATION OF OHIO WAGE LAW
### §4113.15(C)

20. Plaintiff reasserts and reincorporates each and every allegation contained in ¶¶1-19 above as if fully rewritten here.

21. Defendants took authorized deductions from Plaintiff's paychecks for STRS contributions, then failed to forward those contributions to STRS.

22. Defendant's violations of R.C. §4113.15(C) entitles Plaintiff to a Court order forcing Defendants to make the aforementioned contributions to STRS in Plaintiff's name.

## COUNT IV
### WRONGFUL DISCHARGE IN VIOLATION OF OHIO PUBLIC POLICY

23. Plaintiff reasserts and reincorporates each and every allegation contained in ¶¶1-22 above as if fully rewritten here.

24. The State of Ohio has a public policy against discharging an employee for:

    a. complaining of potential child abuse in a school setting; and,

    b. being a potential witness to possible embezzlement.

25. Discharge of an individual under circumstances such as those involved in Defendant's discharge of Plaintiff would jeopardize one or both of the public policies set forth in ¶24 above.

26. The motivation and determining factor in Defendant's adverse employment actions and ultimate discharge of Plaintiff was its opposition to one or both of the public policy set forth in ¶24 above.

27. Defendant had no overriding business justification for discharging Plaintiff sufficient to overcome either of the public policies set forth in ¶24 above.

4

28. Defendant's actions were taken in reckless disregard of Plaintiff's legal rights.

29. Defendant's wrongful discharge of Plaintiff entitles Plaintiff to compensatory damages, punitive damages, and attorneys fees and the costs of bringing this action, in an amount to be determined at trial, but in any event not less than $250,000.00.

**WHEREFORE**, Plaintiff demands,

for Count I, monetary damages including unpaid overtime pay, liquidated damages, and attorneys fees and costs in an amount to be determined at trial, but in any event not less than $100,000.00;

for Count II, monetary damages including unpaid overtime pay, additional available damages, and attorneys fees and costs in an amount to be determined at trial, but in any event not less than $100,000.00;

for Count III, payment of all authorized withheld amounts to STRS in Plaintiff's name; and,

Count IV, monetary damages including compensatory damages, punitive damages, attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $250,000.00.

## JURY DEMAND

Plaintiff, by and through the undersigned, hereby demands a trial by jury on all counts that may be heard by a jury.

5

Respectfully Submitted,

Nicholas E. Kennedy (0070310)
Attorney for Plaintiff
Kennedy Reeve & Knoll
98 Hamilton Park
Columbus, Ohio 43203
(614) 228-2050

Of Counsel:
Gary A. Reeve (0064872)
Laren E. Knoll (0070594)
Jennifer J. Hanlin (0081713)
Kennedy Reeve & Knoll
98 Hamilton Park
Columbus, Ohio 43203
(614) 228-2050